# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DANIEL G. PAYTON,<br>Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-149<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). This matter is before the Court on respondent's motion to dismiss (Doc. 8) and petitioner's response in opposition. (Doc. 11). For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and petition be dismissed on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In May 2003, the Scioto County, Ohio, grand jury returned a four-count indictment charging petitioner with four counts of rape of a child under the age of thirteen, with each count carrying force and sexually violent predator specifications. (Doc. 7, Ex. 1). Petitioner entered a not guilty plea. (Doc. 7, Ex. 2).

Petitioner subsequently filed a plea of not guilty by reason of insanity. (Doc. 7, Ex. 3). The trial court ordered the evaluation of petitioner's mental condition at the time of the commission of the offense, as well as his competence to stand trial. (Doc. 7, Ex. 4, 5). On November 26, 2003, following a hearing on the matter, the trial court found petitioner competent to stand trial. (Doc. 7, Ex. 6).

After plea negotiations, petitioner withdrew his former not-guilty plea and entered a plea of guilty to three counts of rape and one of the sexually violent predator specifications. (Doc. 7, Ex. 7). On February 23, 2004, the trial court accepted petitioner's guilty plea and sentenced him to a total aggregate prison sentence of 30 years to life in the Ohio Department of Corrections. (Doc. 7, Ex. 8).

Petitioner failed to file a direct appeal of his convictions and sentence.

## Motion to Correct Sentence

On November 18, 2016, more than twelve years after sentencing, petitioner filed a pro se "verified motion to correct sentence." (Doc. 7, Ex. 9). On January 4, 2017, the trial court denied petitioner's motion. (Doc. 7, Ex. 10).

Petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 7, Ex. 11). Petitioner raised the following single assignment of error in his merit brief:

> The Trial Court erred and abused its discretion when it denied and overruled Defendant-Appellant's Verified Motion to correct Sentence, without holding a Hearing to obtain evidence and facts outside the record and to give the Defendant-Appellant the opportunity to speak without the influence of psychotropic drugs.

(Doc. 7, Ex. 12). On September 18, 2017, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 14).

Petitioner filed a notice of appeal to the Ohio Supreme Court. (Doc. 7, Ex. 15). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. Whether the lower courts committed reversible error; by affirming the denial as well as the Trial Court's error and abuse of discretion, when it overruled and denied Appellant's properly filed Verified Motion to Correct Sentence alleging sentencing issues, without any review on the merits or even holding a Hearing; and further ruling that the Sentence imposed was not contrary to law, but regardless, these issues can only be raised on direct appeal and are barred from

review as res judicata. In fact, ignored by both lower courts, this Ohio Supreme Court recently expanded the Void Sentence Doctrine and held "contrary to law," in sentencing context, means when the trial court disregards statutory mandates of General Assembly; and such review can happen at any time, and is not barred by res judicata. See State v. Williams, 148 Ohio St. 3d 403, 2016 Ohio 7558, 2013 Ohio LEXIS 2782 (2016). Accordingly, this Court should accept Jurisdiction and provide additional clarification for review of sentencing issues.

2. Whether the Court of Appeals erred in affirming the Trial Court's error in finding Appellant is a Sexual Predator; against the manifest weight of evidence, as the State failed to present any additional evidence outside the case at bar to support the likeliness to engage in the future in one or more sexually oriented offenses as set forth in O.R.C. Section 2950.01(E).

(Doc. 7, Ex. 16). On January 31, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 7, Ex. 18).

### Federal Habeas Corpus

On February 15, 2019, petitioner commenced the instant federal habeas corpus action.[1]

(*See* Doc. 4 at PageID 63). Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: Guilty plea was coerced by defense attorney, while under the influence of psychotropic medications.
>
> Supporting Facts: Clearly the fact that I accepted a plea deal without any benefits to myself, supports the fact that I was not thinking clearly. Plus, counsel continued to pressure me with threats of quitting and that this deal would be pulled from the table if I did not agree immediately. I received the maximum sentence – 10 to life on each offense, ran consecutively provided no benefit for a plea deal.
>
> **GROUND TWO**: Guilty pleas were not made knowingly, intelligently, or voluntarily made due to various circumstances which prevented such.

---

[1] The petition was filed with the Court on February 25, 2019. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on February 15, 2019. (*See* Doc. 4 at PageID 63). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on February 15, 2019.

3

Supporting Facts: Was on psychotropic medications that kept me in a mental fog, confused and uncertain as to what was going on. In addition, counsel continued to threatening me with abandonment and how the state would remove this great deal from the table if I did not accept immediately.

**GROUND THREE:** Ineffective Assistance of Counsel

Supporting Facts: Clearly the fact the other errors exist in this case, including the fact that I was coerced into signing a plea agreement for 30 to Life as part of a plea agreement clearly proves that I received nothing in exchange for my guilty plea – even with the dismissal of Count 2 - I was sentenced to the maximum penalty nevertheless.

**GROUND FOUR**: Issues of Mandatory and Consecutive Sentences never discussed or made a part of judgment ent[ry] of sentence: including the classification as a Sexual Predator.

Supporting Facts: The fact that I was under the influence of psychotropic medications are without dispute, and did prevent my understanding of the proceedings and to what I was agreeing to, since I was under an extreme amount of pressure from my attorney to sign the paperwork. I was under the influence during the hearings, and under the threat that if I argued against what was agreed to or asked questions, that the state would withdraw the offer – an offer that clearly provided nothing more than the dismissal of Count 2.

(Doc. 4 at PageID 53–58).

Respondent has filed a motion to dismiss the petition on the ground that it is time-barred. (Doc. 8), which petitioner opposes. (Doc. 11).

## II. THE PETITION SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during sentencing. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Petitioner does claim that the Ohio Supreme Court's 2016 decision in *State v. Williams*, 71 N.E. 3d. 234 (Ohio 2016), "expanded and clarified the void sentencing doctrine." (Doc. 11 at PageID 309). However, to the extent that petitioner contends that he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D), his claim is without merit. Section 2244(d)(1)(D)

5

concerns the discovery of new facts, not changes in substantive law. "Changes in substantive law, like the enactment of a statute, generally are not facts supporting a claim." *Goble v. Taylor*, No. 14-58-ART-REW, 2015 WL 770389, at *3 (E.D. Ky. Feb. 19, 2015). *See also Lo v. Endicott,* 506 F.3d 572, 576 (7th Cir. 2007) (finding that "a state court decision modifying substantive law" does not constitute a factual predicate under § 2244(d)(1)(D)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless.").[2] Accordingly, petitioner is not entitled to a later start date under § 2244(d)(1)(D).

Petitioner also states in his response that he was "deceived by jail-house lawyers, acting as de-facto agents for the government, who trick[ed] a low educated individual, suffering from mental health issues, into a nightmare of years worth of addition[al] legal consequences." (Doc. 11 at PageID 311). He also claims that he was unable to obtain legal assistance from the public defender. (*Id.*). However, petitioner's pro se status or his inability to obtain legal assistance do not constitute state-created impediments to filing a timely habeas petition. *See Harvey v. Addison*, 390 F. App'x 840, 842 (10th Cir. 2010) (holding that meaningful legal assistance from prison law clerks was not a state-created impediment, noting that "[t]he Constitution does not guarantee prisoners 'an abstract, freestanding right to a law library or legal assistance,' but only a 'right of *access to the courts*'") (quoting *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996)).

---

[2] A state court decision may qualify as a factual predicate under § 2244(d)(1)(D). However, the state court decision must be a decision in the petitioner's own case. *See Wolfe v. Warden*, No. 3:09-cv-442, 2010 WL 552130, at *4 (S.D. Ohio Feb. 16, 2010) (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

6

Under § 2244(d)(1)(A), petitioner's conviction became final on March 24, 2004, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's February 23, 2004 sentencing. *See* Ohio R. App. P. 4(A). The statute commenced running on March 25, 2004, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 25, 2005, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 4,621 days before petitioner filed his November 18, 2016 motion to correct sentence. Because petitioner's application was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman*, 346 F.3d at 602. Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen*, 552 U.S. at 5-6; *see also Pace*, 544 U.S. at 413-14; *Vroman*, 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. As justification for his failure to exhaust his grounds for relief, petitioner claims that he was misinformed by trial counsel that he was not allowed to file an appeal or seek redress of the issues raised in the petition. Petitioner claims that "I was later told years later that the information my attorney gave me on my right to appeal was not true; which facilitated my motion to correct sentence." (Doc. 4 at PageID 53). Although petitioner argues he diligently pursued his claims by subsequently filing a motion to correct sentence, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than twelve years to file his habeas petition after his conviction and sentence became final. Moreover, petitioner waited more than a year to file his habeas petition after the Ohio Supreme Court denied his appeal from the denial of his motion to correct sentence.[3] (*See* Doc. 7, Ex. 18). Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.[4]

---

[3] As noted above, petitioner filed a motion to correct sentence on November 18, 2016. The trial court denied the motion and petitioner unsuccessfully appealed the decision to the Ohio Court of Appeals and Ohio Supreme Court, which denied the appeal on January 31, 2018. Petitioner did not file the instant petition until February 15, 2019.

[4] Petitioner claims in his grounds for relief that he was on medication that prevented his guilty plea from being voluntarily entered. The Sixth Circuit has held that mental incompetence or incapacity, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). To obtain equitable tolling on that basis, the petitioner must demonstrate that (1) he suffers a mental incompetence or incapacity, and (2) his mental incompetence or incapacity caused his failure to comply with the statute of limitations. *Id*. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*. (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). Petitioner has not made such a showing. Specifically, petitioner has not demonstrated that his mental health prevented him from filing a habeas

9

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on March 24, 2004. The limitations period ran for one year and expired on March 25, 2005, more than twelve years before petitioner filed his habeas petition. Because statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case, the petition is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and the petition for a writ of habeas corpus (Doc. 4) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a

---

petition between March 25, 2004, the day the statute of limitations began, and March 25, 2005, one year later when the statute of limitations expired.

procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DANIEL G. PAYTON,<br>Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-149<br><br>Dlott, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).